WILLIAM E. DUNN *versus* JAMES MURRAY and J. CLEMENS
March 29, 1842.

E. Mundy, attorney for plaintiff.
O. Hawkins, attorney for defendants.

[INDORSEMENT]

*Supreme Court 1 Circuit*

Dunn
vs
Murray & Clemens

Opinion of the Court
by Whipple, Justice.

Morell, Ransom
& Whipple

Chf Justice Dissenting.

2$^d$ Circuit Jan$^y$
term 1842.
Hawkins for defts.
Mundy for plff.

[OPINION]

William E. Dunn
vs.
James H. Murray
and Clemens

Sup. Court: 2nd Circuit
Jany term 1842.
Questions reserved:

    This is an action of Trespass brought by the plaintiff against the defendants for taking and carrying away a pair of horses and a wagon: The declaration was in the common form and the pleas were; 1st the general issue; 2$^{ly}$, a special plea of justification setting forth that the property was in Clemens &$^c$ & that Murray acted by the request & under his direction: The cause was tried at the    term of the Circuit Court Court for the County of Livingston; From the case as reported to this Court, it would seem that evidence

was introduced a[t] the trial tending to prove that Clemens was present & assisted Murray in taking the property: It also appears that after the defendants had concluded the testimony for their part, the plaintiff introduced rebutting evidence, & at this stage of the proceeding a witness was introduced, who stated, in answer to a question propounded to him by the attorney of the plaintiff, that he had heard Clemens declare during the trial, "that he had no hand in taking the property &ᶜ," this answer it is further stated occassioned no surprise on the part of the Counsel of the plff: aft. this declaration was elicited from Clemens the Counsel for the defts' moved the Court to instruct the jury to give a verdict of acquittal, forthwith, in favor of Clemens: which motion was granted on the ground that the plaintiff's Counsel had abandoned his action against him: the jury under the instruction of the Court rendered a verdict of not guilty in favor of Clemens, who was then called as a witness & testified in behalf of his co-defendant Murray: The cause was then submitted to the Jury, who were unable to agree upon a verdict.

In the abstract of the cause with which I have been furnished, it further appears that the Circuit Court decided, during the trial that the declarations of one of the defendants could not be given in evidence against the other:

The questions which arise in this case, & which were reserved for the consideration of this Court, by the Chief Justice who presided at the Trial, are, 1ˢᵗ, whether the instruction asked by the Counsel of the Defts', should have been granted; & 2ˡʸ, whether the declarations of one of the defendants should have been received as competent evidence against the other:

Upon the argument of this cause, the Counsel for the plaintiff insisted that the Circuit Court erred upon the first

point, for the reasons; That in an action of Trespass against several, the Court cannot discharge any one of the Defendants, when there is the slightest evidence against him: The proposition is undeniable that one of several persons charged with the commission of a trespass cannot be discharged by the Court, nor can the Court direct a nolle prosequi to be entered, or the jury to render a verdict of acquittal, where there is any legal testimony, however slight, against him: The rule is of universal application, as is founded upon a principle too firmly established by reason & authority to be shaken at this day: that principle is, that, in civil causes, it is the province of the Court to decide upon the questions of law that govern the case, & of the jury to decide upon the facts: the wisdom of the rule will not be questioned, & any invasion of it would overthrow the constitutional & legal rights of parties: Let us apply, then, this rule to the case at bar, and ascertain whether under the circumstances the instruction asked by the Counsel for the Defts should have been given: It is admitted that there was some evidence tending to shew that Clemens participated in the alledged trespass: the *degree* of evidence introduced by the plff to prove his guilt does not appear, nor is necessary that it should under the strict rule I have laid down: But it was contended upon the argument of the cause by the Counsel for the defendants, that, the plaintiff having elicited from a witness the declaration of Clemens that he was in no wise concerned in the trespass, and especially as it was well known to the plaintiff's Counsel whe[n] the question was put to the witness, what the answer would be, that its effect was an *abandonment* of the cause as to Clemens. It does not affirmatively appear in the case reported, whether the plaintiff's Counsel was apprised what the answer of the witness would be,—but it is suggested that when the answer was elicited

it occasioned no *surprise:* according to the view I take of the question, however, it is of no consequence whether the plff had a full *knowledge* of what the answer would be, or whether he manifested *surprise* when the answer was given. What then was the condition of the cause with respect to Clemens, after his declarations were given in evidence; It was as follows: the plaintiff had before the defendants entered upon their defence introduced evidence tending to prove that he participated in the alledged trespass, & after the defence had closed, he propounded a question to a witness which elicited a declaration made by Clemens that he had no hand in the matter: here, then, was conflicting evidence; a portion of that evidence tending to the proof of guilt, a portion tending to the proof of his innocence: which was, then, the tribunal to *weigh* this conflicting evidence & *decide upon its effect:* to my understanding the *jury* & *not* the *Court* was the appropriate tribunal to refer the question: unless there was an *"abandonment"* of the cause against Clemens: But in what consisted this "abandonment" of the cause? Why the Counsel would reply the "declaration of Clemens" voluntarily drawn by the plaintiff's Counsel, from a witness, that he was not guilty of the Trespass: this view of the case would be correct, if the declarations then elicited is to be regarded, as CONCLUSIVE evidence of the innocence of Clemens: whether it be *conclusive,* must depend upon the law of evidence, and my apprehension of the law upon this point, is, that, such declarations are not *conclusive,* however strongly they make against the party who thus voluntarily draws from a witness declarations, like that made by Clemens: To test the question: suppose that three or any other no. of witnesses of undoubted veracity had sworn that Clemens had confessed to them that he committed the trespass alledged against him; would it be contended that the declarations of Clemens given in evi-

dence as stated in the report, that he had nothing to do with the matter, would be *conclusive* as to the fact of guilt or innocence, or that the *legal effect* would be an "abandonment" of the cause by the plffs as regards him: the mere statement of the question, exhibits the falacy of such a conclusion: The whole testimony in the case, would necessarily be referred to the jury, as the appropriate & constitutional body for determining questions of fact:

Allusion was made by the Counsel for the defts upon the argument of the case upon the extraordinary course adopted by the Counsel of the plaintiffs in the trial, in introducing evidence of declarations, when he was well advised, that those declarations would conduce to the proof of the innocence of one of the defts: Such a course ought not, & cannot vary or influence the legal rights of the plaintiff: he had a right to elicit the declarations, and it was for him to bear the consequences which might result from its exercise, the defendants ought not to complain that the plaintiff elicited facts which would go far towards establishing their claim to a verdict of acquittal: If I have taken, a correct view of the question under consideration, the Circuit Court erred in directing the jury to acquit Clemens:

I ought here to state, that reliance was had by the Counsel for the plff, in argument, upon the pleadings in the cause, to establish error in the direction given by the Court to the jury: Beside the plea of the general issue, it is said that there was a *joint* plea of justification, & it was argued that if the plea is not supported as to all, neither of the defendants can be protected under it. The books recognize a distinction, in this respect, between a case where several defendants, in trespass, plead the gen$^1$ issue, and where a joint plea of justification is pleaded, but as it is not clear from an inspection of the pleadings, whether in point of law the second plea

amounts to a joint plea of justification, and especially as this point was not urged upon the Circuit Court, an expression of opinion upon the question will not be given—

II: In the abstract of the case as reported it is alledged that the Circuit Court decided that the declarations of one of the defts was not competent evidence against the other: This opinion of the Circuit Court may have been right or wrong according to circumstances: and as the facts necessary to form an opinion have not been spread out in the case, any expression of opinion by this Court would be hypothetical: the general rule upon the subject I apprehend is this: that if there was any evidence connecting the defendants as joint trespassers, the declarations of one may be given [in] evidence against the others, in the same manner as the acts of one may be given in evidence, against all concerned: the foundation laid by connecting the defendants as being jointly concerned in a trespass, the declarations & acts of each become that of all: